IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DUANE KENNEDY and CHELSEA KENNEDY, Each Individually and on Behalf of All Others Similarly Situated**     **PLAINTIFFS**

vs.     No. 5:20-cv-747

**HOST INTERNATIONAL, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Duane Kennedy and Chelsea Kennedy (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant Host International, Inc. ("Defendant"), they do hereby state and allege as follows:

### I. INTRODUCTION

1. Plaintiffs, each individually and on behalf of all other hourly-paid workers employed by Defendant, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated a sufficient minimum wage and overtime premium as required by the FLSA.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District of Texas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff Duane Kennedy ("Duane") is a citizen and resident of Bexar County.

6. Plaintiff Chelsea Kennedy ("Chelsea") is a citizen and resident of Bexar County.

7. Defendant is a foreign, for-profit corporation.

8. Defendant's registered agent for service is Prentice-Hall Corp. System, at 211 East Seventh Street, Suite 620, Austin, Texas 78701.

9. Defendant does business as HMSHost.

10. Defendant maintains a website at https://www.hmshost.com/.

## IV. FACTUAL ALLEGATIONS

15. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Defendant provides prepared meals, food and beverage, and merchandise at airports, on toll roads, restaurants and other travel and entertainment venues.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately

stated) during each of the three calendar years preceding the filing of this Complaint.

18. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as food and beverages.

19. Defendant was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

20. Defendant was the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

21. Plaintiffs were employed by Defendant at Defendant's restaurants in the San Antonio airport during the time period relevant to this lawsuit.

22. Plaintiffs worked for Defendant during the three years preceding the filing of this Complaint.

23. At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

24. Duane was employed by Defendant as a cook from November of 2018 until the present.

25. Chelsea was employed by Defendant as a server from 2013 until February of 2020.

26. Defendant also employed other hourly employees to work at its locations in the San Antonio airport (hereinafter, "hourly employees").

### A. Deductions and Payments for Parking Passes

27. Defendant deducted money from Plaintiffs' and other hourly employees' paychecks to pay for airport parking passes for each employee.

28. Defendant deducted money from hourly employees' paycheck for parking passes whether or not they drove to work, i.e. even if they did not utilize any parking space.

29. The relevant parking pass cost approximately $15.00 per month to maintain.

30. Defendant deducted anywhere from $5.00 per paycheck to over $100.00 per paycheck, purportedly to pay for its employees' parking passes.

31. Defendant sometimes required its employees to pay money orders to Defendant of up to $200.00, purportedly to pay for parking passes.

32. These deductions and required payments constituted an unlawful "kick back" to Defendant and caused minimum wage and overtime wage violations. *See* C.F.R. § 531.35.

33. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA.

### B. Duane Kennedy's Off-The-Clock Work

34. Duane regularly worked in excess of forty hours per week.

35. Duane split his time between two of Defendant's restaurants in the San Antonio airport.

36. At the end of the workday, Duane was required to close down one of Defendant's restaurants and then return the keys to the manager at another one of the restaurants.

37. Duane was often required to help close down the second restaurant, even though he clocked out after closing the first restaurant.

38. Duane estimates he spent approximately two hours per week working off the clock closing the second restaurant.

39. Defendant did not pay Duane for all hours worked, including failing to pay Duane a proper overtime rate for all hours worked over forty each week.

**C.  Chelsea Kennedy's Off-The-Clock Work**

40. Chelsea occasionally worked over forty hours per week.

41. Chelsea was required to take a thirty-minute break during her shift.

42. Because the restaurant was often busy, Defendant would not let Chelsea take her break in the middle of her shift. Chelsea often took her break at the beginning or end of her shift and was required to spend the "break" time preparing the restaurant for the next shift.

43. Chelsea estimates she spent approximately two hours per week working off the clock while she was supposed to be on break.

44. Defendant did not pay Chelsea for all hours worked, including failing to pay Duane a proper overtime rate for all hours worked over forty each week.

**D.  Chelsea Kennedy's Non-Tipped Work**

45. Defendant paid its servers, including Chelsea, less than the minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

46. Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

47. As a server, Chelsea performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as opening the restaurant, doing dishes and rolling silverware ("non-tipped work").

48. Chelsea was paid at or around $2.38 per hour, regardless of whether she was performing tipped or non-tipped work.

49. Upon information and belief, Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

50. Non-tipped duties occupied more than twenty percent of Chelsea's time as a server for Defendant.

51. Some of the non-tipped work, such as doing dishes, was unrelated to the tipped work.

52. Defendant paid Chelsea the same rate—below the applicable minimum wage—for both tipped work and non-tipped work.

53. As a result of the policies put in place by Defendant, Chelsea was often required to perform non-tipped work for less than minimum wage.

54. Chelsea is entitled to wages and compensation based on the standard minimum wage for all hours worked.

## V. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

34. At all relevant times, Plaintiffs and all other hourly employees have been entitled to the rights, protections and benefits provided by the FLSA.

35. Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiffs bring their FLSA claim on behalf of all hourly-paid employees who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wages for all hours worked;

B. An overtime premium for all hours worked in excess forty (40) in a week;

C. Liquidated damages; and

D. Attorneys' fees and costs.

37. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file his or her written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified as non-exempt from the overtime requirements of the FSLA and paid an hourly rate;

B. They were subject to Defendant's common policy of deducting money for parking passes and/or were required to pay Defendant for parking passes; and

C. They recorded their time the same way.

40. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifty (50) persons.

41. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

42. At all relevant times, Defendant directly hired members of the FLSA Collective to work in its stores or restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

43. At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI. FIRST CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

44. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

45. This is a collective action filed on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for minimum wages and unpaid overtime wages because they were not paid a rate of one and one half (1.5) times their regular rate for hours worked in excess of forty (40) per week.

46. Plaintiffs bring this action on behalf of themselves and all other similarly

situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

47. At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

48. At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

49. At all relevant times, Defendant was an "employer" of Plaintiffs and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. Defendant failed to pay Plaintiffs a proper minimum wage due to the unlawful kick-backs associated with parking passes.

52. Defendant failed to pay Plaintiffs and all similarly situated employees a proper minimum wage for all hours wage, and overtime premium for hours worked in excess of forty (40) per week.

53. Because these employees are similarly situated to Plaintiffs, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly employees who worked in the San Antonio airport within the past three years.**

54. At all relevant times, Defendant willfully failed and refused to pay Plaintiffs

and all other similarly situated employees a lawful minimum wage and proper overtime premium under the FLSA because Defendant unlawfully deducted money from Plaintiffs and other similarly situated employees.

55. Defendant's violations entitle Plaintiffs and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed.

56. Defendant's violations entitle Plaintiffs and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

57. Plaintiffs and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

58. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

59. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

60. At all relevant times, Plaintiffs have been "employees" of Defendant as defined by 29 U.S.C. § 203(e).

61. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in a one week and to pay 1.5x regular wages for all hours 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

63. Defendant failed to pay Plaintiffs a proper minimum wage due to the unlawful kickbacks associated with parking passes.

64. Defendant failed to pay Plaintiffs for all hours worked, including failing to pay them an overtime premium as required under the FLSA.

65. Defendant failed to pay Chelsea a proper minimum wage for hours spent doing non-tipped work.

66. Defendant's violations entitle Plaintiffs to compensatory damages calculated as the full amount of overtime wages owed.

67. Defendant's violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

68. Plaintiffs are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Duane Kennedy and Chelsea Kennedy, each individually and on behalf of all others similarly situated, respectfully request this Court grant the following relief:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to

participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid back wages at the proper rate owed to Plaintiffs and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

G. An order directing Defendant to pay Plaintiffs and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DUANE KENNEDY and CHELSEA KENNEDY, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com